UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-cv-4748 |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bradley S.[1] ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, the Commissioner's Motion for Summary Judgment (dkt. 21) is denied and Plaintiff's motion (dkt. 16) is granted. The case is remanded for further proceedings consistent with this opinion.

**I.    Background**

    **A.    Procedural History**

On August 20, 2018, Plaintiff filed claims for disability insurance benefits with an alleged onset date of June 2, 2018. (R. 13.) Those claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The hearing was held on September 11, 2019. (*Id.*) On September 27, 2019, ALJ Bernadette Freeman denied Plaintiff's claim, finding him not disabled under the Act and therefore ineligible for benefits. (R. 13-24.) The Appeals Council denied Plaintiff's request for review on June 29, 2020, (R. 1-6),

---

[1]   In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's decision followed the five-step analytical process required by 20 C.F.R. § 416.920. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 2, 2018. (R. 15.) At step two, the ALJ concluded that Plaintiff has the severe impairments of retinopathy with loss of vision in the right eye, cardiovascular disease with stent placement (ischemic heart disease, peripheral vascular disease), "residuals of MCL," and degenerative disc disease. (*Id.*) At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment. (R. 16.) The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: no more than occasional climbing of ladders, ropers, or scaffolds; no more than occasional pushing/pulling with the right lower extremity and frequent pushing/pulling with the left lower extremity; frequent climbing of ramps and stairs, stooping, kneeling, crouching, and crawling; unlimited balancing; no visual acuity in the near or far field of vision or depth perception due to vision loss in his right eye, but frequent far visual acuity in the left high; avoid all workplace hazards. (R. 18.) At step four, the ALJ concluded Plaintiff was able to perform his past relevant work as a Vocational Training Teacher. (R. 22.) In the alternative, the ALJ found that other jobs in the national economy exist Plaintiff can perform, considering his age, education, work experience, and RFC. (R. 23.) These findings led to the conclusion that Plaintiff is not disabled as defined by the Social Security Act. (R. 24.)

Plaintiff had a heart attack on June 2, 2018; he had three stents placed to fix the blockages. (R. 18.) Shortly thereafter, he had a hemorrhage in his right eye due to his diabetic retinopathy and lost all vision in that eye. (R. 20.) During a stress echocardiogram in April 2019, Plaintiff had to stop after approximately four minutes due to cramping in his legs, and he continued to complain of bilateral

calf pain several months later. (R. 17, 43.) On August 23, 2019, Plaintiff had a second heart attack; he was advised to lift no greater than 10 pounds for two weeks. On September 10, 2019, his doctors recommended that he "work gradually up to at least two and a half hours of exercise a week of moderate activity such as brisk walking stationary biking and dancing." (R. 21.) At the time of his hearing before the ALJ on September 11, 2019, Plaintiff testified his doctors had found additional blockages in his legs that would require surgical intervention before he could begin cardiological rehabilitation. (R. 42-43.)

That ALJ found that Plaintiff was capable of performing light work; in doing so, the ALJ found Plaintiff "capable of standing and/or walking two hours and sitting six hours out of an eight-hour workday." (R. 19.) As evidence to support the finding that Plaintiff was able to tolerate these exertional levels, the ALJ cited the following: 1) Plaintiff self-reported in a function report (on September 5, 2018) and told a consultative examiner (on October 6, 2018) that he could walk one mile (R. 19, 190, 414); 2) Plaintiff could sit and stand for 45 minutes at one time (R. 19, 414); 3) doctors recommended Plaintiff gradually work up to two and a half hours per week of moderate activity in September 2019 (R. 21); 4) Plaintiff's reported activities of daily living (in the function report dated September 5, 2018) included walking his dog, preparing his own meals, and socializing with friends; and 5) two reviewing state agency physicians' conclusions in October 2018 that Plaintiff could perform the full range of light work (R. 21).

**II. Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively

3

disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*,

4

529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

**III. Discussion**

The Court remands this case for further proceedings because the ALJ inaccurately described the requirements for the full range of light work, and the RFC finding that Plaintiff could perform stand and/or walk for two hours in an eight-hour workday was not supported by substantial evidence. Social Security Ruling 83-10 defines the exertional requirements necessary to meet the definition of light work in 20 C.F.R. § 404.1567(b); it states that "a job is in this category when it requires a good deal of walking or standing," and that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."[2] SSR 83-10. As noted above, the ALJ expressly based her finding on the conclusion that Plaintiff is "capable of standing and/or walking two hours and sitting six hours out of an eight-hour workday." (R. 19.) That finding qualifies Plaintiff to do sedentary work as defined in SSR 83-10, but is well below the aforementioned exertional requirements for light work. *See* SSR 83-10 (in sedentary work "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday"). This is a crucial error because all the work the ALJ found Plaintiff capable of performing was in the light category, including his prior work as a Vocational Training Teacher. (R. 22-23.) However, the ALJ's finding would not qualify Plaintiff to perform light work and does not support her RFC finding. This error requires remand.

Furthermore, the Court does not believe the ALJ cited substantial evidence to support a finding

---

[2] The Court recognizes that SSR 83-10 is intended for interpreting a claimant's capability to perform "other work," and that the ALJ found Plaintiff was capable of performing his past relevant work as a Vocational Training Teacher. However, the Court believes that the definition of light work in SSR 83-10 is relevant here to determine whether Plaintiff could perform such work, which the ALJ found to be light work. (*See* R. 22.)

5

that Plaintiff could even walk and/or stand for two hours in an eight-hour workday. The Court will consider the evidence cited above in turn. First, even if Plaintiff could walk one mile, that only indicates he was capable of walking for approximately 30 minutes, and does not support a finding he could walk for an additional 90 minutes per workday. There is no indication Plaintiff could walk one mile several times per day, which is what would be required to support the ALJ's ruling. Second, standing and sitting for 45 minutes is not the equivalent of walking and/or standing for up to two-hours per day. There is a significant gap between these two findings. Third, the recommendation that Plaintiff gradually work up to two and a half hours of moderate exercise per week (*i.e.*, an average of a 21.4 minutes per day) does not support the ALJ's conclusion. If anything, it proves Plaintiff was incapable of walking and/or standing for two hours per day because the doctors acknowledged he could not complete two and half hours per week (hence, the need to gradually work up to the target number), and the desired goal is well short of the two daily hours the ALJ cited. Additionally, Plaintiff's reported activities of daily living do not demonstrate he is capable of two hours of walking per day. The ALJ would have had to develop the record significantly more for the Court to find that Plaintiff's relatively light chores added up to two hours of walking and/or standing per day. Finally, the ALJ's citation of the reviewing state agency physicians from October 2018 reveals a problem that undermines the ALJ's reasoning on this issue; much of this evidence pre-dates a significant intervening event: Plaintiff's second heart attack. To the extent Plaintiff could have performed light work in October 2018, those findings were called into question by the time of the ALJ's decision in September 2019. Only a few weeks before his hearing, Plaintiff suffered a second heart attack and he testified that his doctors found blockages in his legs that would require surgical intervention. Furthermore, his stress echocardiogram had to be halted only four minutes in because his legs were cramping. Given the evidence the ALJ relied on to make her ruling and the progression of Plaintiff's symptoms, the Court does not believe that reasonable minds could agree with the ALJ's ruling that

Plaintiff could walk and/or stand for two hours in an eight-hour workday.[3] As such, the Court remands this case for further proceedings.

## IV. Conclusion

The Commissioner's Motion for Summary Judgment (dkt. 21) is denied and Plaintiff's motion (dkt. 16) is granted. The case is remanded for further proceedings consistent with this opinion.

Entered: April 14, 2022

Susan E. Cox,
United States Magistrate Judge

---

[3] To be clear, the Court is not requiring the ALJ to make a different ruling on remand. There may be additional evidence adduced that supports a finding that Plaintiff can stand and/or walk for up to two hours per day, or the ALJ may cite additional evidence in the record to support her conclusion. However, as written, the ALJ's finding is not supported by substantial evidence.